UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HANNIBAL TAYLOR

v.                                        CASE No. 8:08-CV-1188-T-27TGW

VERIZON FLORIDA, INC.,
etc..

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Application
to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 2). The plaintiff,
who is black, alleges in his complaint that his former employer subjected him to a
racially hostile work environment and he contends (inconsistently) that he was
unlawfully terminated and coerced into resigning his employment (Doc. 1). The
complaint does not comply with the Federal Rules of Civil Procedure and it fails to
state a claim upon which relief may be granted. I therefore recommend that the
plaintiff's complaint (Doc. 1) be dismissed, with leave to file an amended complaint,
and consideration of the Application to Proceed In Forma Pauperis (Doc. 2) be deferred
pending the filing of an amended complaint.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint is a rambling, disjointed narrative which does not comply with the Federal Rules of Civil Procedure. In this jurisdiction, such a document is known as a "shotgun" complaint, and it is highly disfavored. See Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 980-84 (11th Cir. 2008). Specifically, the plaintiff's complaint does not contain a short plain statement of the claim, or delineate the alleged causes of action into counts or another organized manner. See Rules 8(a), 10(b); F. R. Civ. P.

Although the plaintiff purports to bring this action under Title VII (Doc. 1, ¶1), the plaintiff subsequently alleges that his supervisor "wrongfully terminate[d] his employment due to illness, and due to his family reporting [a supervisor's alleged] harassing prank telephone calls to law enforcement authorities" (id., ¶31; see also id., ¶¶28, 30).* With regard to the latter contention, he alleges that "he should have been

_____

*The complaint inconsistently alleges that the plaintiff was coerced to resign (id., ¶¶32, 35). In this connection, the complaint does not allege the essential elements of a constructive termination.

afforded protection...under the Whistleblower's Act" (Doc. 1, ¶29). Therefore, it is unclear whether the plaintiff is also alleging violations of a whistleblower statute or the Americans with Disabilities Act. If he is, the plaintiff has failed to allege sufficient facts to state a cognizable claim under either of these statutes.

The plaintiff's Title VII claims are confusing and convoluted as well. First, the plaintiff has not alleged that he has satisfied administrative prerequisites. <u>See</u> 42 U.S.C. 2000e-5. Further, the plaintiff alleges no facts in support of his contention that the defendant's sales quota system for salespeople was a racially unfair labor practice (Doc. 1, ¶9). To the contrary, the plaintiff alleges that he excelled at satisfying his sales quota (<u>id.</u>).

Additionally, the basis for the plaintiff's alleged hostile workplace claim is muddled. Thus, the thrust of the complaint is that the plaintiff experienced hostility stemming from an alleged cut-throat atmosphere to make sales, not racial animosity (<u>id.</u>, ¶¶10, 16, 17, 33). For example, the plaintiff alleges in a conclusory manner that supervisor Ramona Thomas fostered a racially charged and hostile workplace, but he then specifies that he suffered intimidation and humiliating treatment from co-workers because he doubled his sales quota (<u>id.</u>, ¶33).

The complaint includes two specific allegations of racial hostility. One was an alleged attempt by a supervisor to cause a confrontation between the plaintiff and a Hispanic sales person, but that confrontation did not happen, and the plaintiff

explained that the alleged confrontation concerned sales, not race (Doc. 1, ¶¶ 11, 12). The plaintiff also contends that he "suffer[ed from] degrading racial and sexist slurs" from a supervisor "on a continuous basis" (Doc. 1, ¶ 14). This allegation could form the basis of an unlawful hostile work environment, but the complaint includes no facts from which it can be inferred that the circumstances were sufficiently severe or pervasive to state such a claim. See Watts v. Florida International University, 495 F.3d 1289, 1295-96 (11th Cir. 2007)(citing Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007))(examining whether the factual allegations provide "plausible grounds to infer" a required element of the claim).

The complaint must identify each of the laws the plaintiff claims that the defendant has violated in separate counts of the complaint, and for each count, identify in separate numbered paragraphs the pertinent facts which support the contention that the defendant acted in violation of that law. See Rules 8, 10, F.R.Civ.P.; McNeil v. U.S., 508 U.S. 106 (1993)(pro se litigants must comply with procedural rules that govern pleadings). The Hillsborough County Library has form books which provide sample formats for federal lawsuits, and contains copies of the Federal Rules of Civil Procedure. The Court's website also has helpful information. See www.flmd.uscourts.gov.

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11TH Cir. 1998), the plaintiff's complaint is

procedurally deficient and fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. §1915(e)(2)(B)(ii); Thompson v. Adamson, 2007 WL 2415185 at *1 (11th Cir. 2007)(unpub. dec.)(citing Neitzke v. Williams, 490 U.S. 319, 324-25(1989)(federal courts have discretion to dismiss *pro se* complaints if they lack an arguable basis in fact or in law)).

However, because the plaintiff is proceeding pro se, it is appropriate to give him an opportunity to file an amended complaint which corrects these deficiencies. I therefore recommend that the complaint (Doc. 1) be dismissed and the Motion to Proceed In Forma Pauperis (Doc. 2) be deferred pending an opportunity for the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
DATED: JULY 9 , 2008      UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).